IT IS ORDERED AND NOTICE IS GIVEN that unless within 23 days of the date in the FILED stamp above an interested party BOTH: (1) files a written objection to the Motion below, SETTING FORTH the specific grounds for such objection, with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with 3 or 4, at 1001 SW 5th Ave. #700, Portland OR 97204; OR, if it begins with a 6 or 7, at 405 E 8th Ave #2600, Eugene OR 97401), AND (2) serves a copy on the movant and any attorney for the movant at the service address(es) below, the movant will thereafter settle and compromise the matter upon the terms below and the settlement will be deemed approved without further order.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re ) | |
| ) | Case No._____ |
| ) | |
| ) | MOTION AND NOTICE OF INTENT |
| ) | TO SETTLE AND COMPROMISE, |
| ) | **AND ORDER THEREON** |
| Debtor(s) ) | |

    The undersigned trustee, _____, moves to settle and compromise the following described dispute upon the following terms:

###

DATE: _____  _____
                                    Trustee

                   Service Address: _____
                                    _____

         Name of Attorney for Trustee: _____

                   Service Address: _____
                                    _____

761.2 (6/15/16) **Page 2 of 2**

a reduction for the execution sale in comparison to the property being available for sale on the open market. The net recovery upon sale would range between $20,000 and $30,000. The Trustee has also performed an independent analysis of all personal property that would be subject to execution and levy under state law. Only one older vehicle would not be exempt and recoverable by the estate for the value of approximately $3,000 to $4,000.

Last, the Trustee would have the ability to garnish Mr. Braude's wages/draws generated from his solely owned entity, AG Industries, LLC. The entity itself sells leather goods. It has very little inventory and Mr. Braude is the sole employee. However, Mr. Braude has minimal income generated from his self-employment business over the years. His net business income in 2013 was (-5,742); in 2014 was (-7,052); and for 2015 was $15,241. 2016 returns have not been prepared. The Trustee anticipates very little value to garnishing the debtor's wages, but estimates that value between $5,000 and $10,000 over the remaining life of the judgment. The Trustee is also mindful of the fact that the debtor may file a chapter 13 proceeding to discharge the equalizing judgment. The Trustee has evaluated the foregoing risks and is of the opinion that the settlement offer is fair and reasonable and would provide a distribution to the creditors of the estate.

The Trustee also requests authority to execute those documents necessary to carry out the intent of the order.