Stephen P. Arnot, OSB #070765
WILLIAMS, KASTNER GREENE & MARKLEY
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Telephone: (503) 228-7967
Fax: (503) 222-7261
Attorneys for Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>JENNIFER LEE BRAUDE,<br><br>              Debtor. | Case No. 11-38234-tmb7<br><br>Chapter 7<br><br>REPLY TO DEBTOR'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE JUDGMENT<br><br>Date: April 18, 2017<br>Time: 11:00 a.m.<br>Judge: Honorable Trish M. Brown |

The Chapter 7 Trustee, Stephen P. Arnot, by and through his counsel, Williams Kastner Greene & Markley files this reply to debtor's objection to Trustee's Motion to Compromise.

### I. CHRONOLOGICAL HISTORY

On February 16, 2007 a stipulated general judgment of dissolution of marriage was entered between the debtor, Jennifer L. Braude, and her ex-spouse, Evan P. Braude. Within the stipulated judgment, the ex-spouse was awarded the subject real property located at 22188 Neff Road in Bend, Oregon. In exchange for the real property and other assets, judgment was entered in favor of the debtor and against her ex-spouse for **property division** in the amount of $150,000. *See* the stipulated judgment attached hereto as Exhibit 1, p. 10. There were three additional judgments entered for post-petition accrued interest. In Schedule B, the debtor did not list any judgment arising out of the property division in the amount of $150,000. The debtor

Page 1 -    REPLY TO DEBTOR'S OPPOSITION TO CHAPTER 7
            TRUSTEE'S MOTION TO COMPROMISE JUDGMENT

**Williams, Kastner Greene & Markley**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 228-7967 • Fax (503) 222-7261

6036141.1

Case 11-38234-tmb7    Doc 35    Filed 04/10/17

only scheduled unpaid alimony and child support against her ex-spouse. On Schedule C the debtor claimed the alimony and child support as exempt under state law. Since alimony and spousal support is exempt, Michael Batlan, after the conclusion of the 341 meeting, filed a no-asset report. In the course of administering the debtor's case, Michael Batlan was not advised of the judgments nor did he at any time abandon any of the undisclosed judgments that would constitute property of the bankruptcy estate. On December 21, 2011, the court entered the debtor's discharge and closed the case.

On December 20, 2016, the trustee filed a motion to reopen the debtor's case to evaluate the bankruptcy estate's interest in the undisclosed judgments in favor of the debtor and against her ex-spouse. On December 22nd, the court entered an order reopening the case and appointing Stephen P. Arnot as successor trustee.

## II. AUTHORITY

1.  <u>The Property Division Award Arising Out of The Stipulated Judgment of Dissolution Remains An Asset of The Bankruptcy Estate Because It Was Not Scheduled And, Therefore, Not Abandoned Upon Closing of The Case.</u>

The debtor's argument is invalid as a matter of both undisputed fact and longstanding bankruptcy law. The court can take notice of the debtor's Schedule B. The court will see that the money judgment for $150,000 in favor of the debtor was not listed on Schedule B or in the statement of financial affairs. There is thus no dispute that Schedule B contained no mention of the money judgment arising out of the division of assets in the divorce. Under 11 USC § 554(c), only correctly scheduled assets are abandoned when a case is closed. Under 11 USC § 554(d), property that is neither abandoned nor administered remains property of the estate even if a bankruptcy case is closed. *Cusano v. Klein*, 264 F3d 936, 945-946 (9th Cir 2001); *In re Lopez*, 283 BR 22 (9th Cir BAP 2002) (property that was not correctly scheduled remains property of the estate forever).

The original trustee in this case, Michael Batlan, most certainly did not abandon the money judgment or the three subsequent post-petition judgments for post-petition interest.

**Williams, Kastner Greene & Markley**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 228-7967 • Fax (503) 222-7261

6036141.1

Those claims were not correctly scheduled by the debtor, were therefore unknown as a matter of law, and thus were not abandoned as a matter of law under the authorities cited above.

Judge Sullivan addressed this very issue in *In re Schmid*, 54 BR 78 (Bankr. Dist. Or 1985). In *Schmid*, Judge Sullivan dealt with an argument that a chapter 7 trustee had abandoned a cause of action when it closed the bankruptcy case. The cause of action was described in the debtor's schedules, albeit ambiguously, and was even described with more particularity in the debtor's statement of financial affairs. That is significantly more than in this case, where no mention of a money judgment arising out of division of property is disclosed anywhere in the schedules or in the statement of financial affairs.

Judge Sullivan acknowledged that "an especially alert trustee could read the schedules and the statement of affairs together and conclude that there was a pending lawsuit, it did not happen in this case." *Id.* at 80. He then went on to rule that the cause of action had nevertheless not been abandoned, holding that to be deemed abandoned, the property "has to be so explicitly identified in the schedules as to be able to impute an intent to abandon." *Id.*

Judge Sullivan also explained that "11 USC § 554(c) does not inject the element of gamesmanship relied on here. . . to trap the unwary trustee and inadvertently deny creditors the benefit of substantial assets." *Id.* Given Judge Sullivan's holding in *Schmid*, and the other authorities set forth above, it is undisputed and clear as a matter of law that the money judgment was not abandoned and the trustee has standing to pursue the equalizing judgments.

2.    <u>The Debtor's Assertion That The Money Judgment For Property Division Was Properly Scheduled As Child And Spousal Support Is Without Merit</u>.

The stipulated judgment of dissolution is clear that the debtor received a $150,000 equalizing award as a result of the real and personal property given to the ex-spouse, Evan Braude. (*See* page 10 of Exhibit 1.) The debtor attempted to exempt the money judgment by scheduling the asset as child and spousal support is misleading and wholly without merit and lacks any credibility or authority under the code.

Page 3 -    REPLY TO DEBTOR'S OPPOSITION TO CHAPTER 7
              TRUSTEE'S MOTION TO COMPROMISE JUDGMENT

**Williams, Kastner Greene & Markley**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 228-7967 • Fax (503) 222-7261

6036141.1

Case 11-38234-tmb7    Doc 35    Filed 04/10/17

3.     <u>Given The Ambiguity As To The Values of The Real Property, The Trustee Has Requested A Further CMA</u>.

One of the trustee's statutory duties is to maximize the value of the estate for benefit of the creditors. The trustee received a CMA on the real property at a value of $500,000. The debtor has now provided a CMA closer to $800,000. As a result, the trustee has requested a third CMA valuation on the property. If the valuations are indicative of a higher value, the trustee intends on obtaining an additional CMA to confirm the increased market value of the property.

4.     <u>The Equalizing Judgment May Be Able To Prime The First Trust Deed In Favor of Bank of America</u>.

According to the information provided by the debtor's counsel, the ex-spouse modified the note and first deed of trust after the equalizing judgment was of record in Deschutes County. No notice was provided to the judgment lien claimant under the equalizing judgment. As a result, the trustee's money judgment may have priority to the extent of the new money taken out in the refinance.

## III. <u>CONCLUSION</u>.

At the time of the hearing, the trustee should have obtained additional valuations on the ex-spouse's real property that is subject to the money judgment that constitutes property of the bankruptcy estate. Assuming those valuations are higher and consistent with the debtor's valuation as set forth in the objection, it may be incumbent on the trustee to re-evaluate the settlement or, in the alternative, pursue collection of the judgment rather than the impending compromise.

DATED this 10th day of April, 2017.

/s/ Stephen P. Arnot
Stephen P. Arnot, OSB #070765
Attorneys for Trustee
WILLIAMS, KASTNER GREENE & MARKLEY
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Telephone: (503) 228-7967
Fax: (503) 222-7261
sarnot@williamskastner.com

**Williams, Kastner Greene & Markley**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 228-7967 • Fax (503) 222-7261

## CERTIFICATE OF SERVICE

I certify that I served the foregoing REPLY TO DEBTOR'S OPPOSITION TO CHAPTER 7 TRUSTEE'S MOTION TO COMPROMISE JUDGMENT on the following attorneys by the method indicated below on the 10th day of April, 2017:

*Attorneys for Debtor:*

James Forbes
11405 Dutch Ravine Ct
Gold River, CA 95670

Theodore J. Piteo
Michael D. O'Brien & Associates
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223

| | |
|---|---|
| ✓ | Via First Class Mail |
| _____ | Via Federal Express |
| _____ | Via Facsimile |
| _____ | Via Hand-Delivery |
| _____ | Via E-Mail |

US Trustee, Portland
620 SW Main St #213
Portland, OR 97205

| | |
|---|---|
| ✓ | Via First Class Mail |
| _____ | Via Federal Express |
| _____ | Via Facsimile |
| _____ | Via Hand-Delivery |
| _____ | Via E-Mail |

/s/ Stephen P. Arnot
Stephen P. Arnot, OSB #070765
Attorneys for Trustee

Page 1 -     CERTIFICATE OF SERVICE

**Williams, Kastner Greene & Markley**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201
Telephone: (503) 228-7967 • Fax (503) 222-7261

6036141.1

Case 11-38234-tmb7     Doc 35     Filed 04/10/17



CERTIFIED TRUE COPY OF THE ORIGINAL
Dated this 13th day of Sept. 20 16
CIRCUIT COURT OF THE STATE OF OREGON
FOR DESCHUTES COUNTY

BY: _Debbie Allen_

COURT CLERK

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| In the Matter of the Marriage of: | Case No. 05-DS-0092-MA |
| JENNIFER LEE BRAUDE, | STIPULATED GENERAL JUDGMENT |
| Petitioner, | FOR DISSOLUTION OF MARRIAGE; CHILD SUPPORT AWARD; |
| and | SPOUSAL SUPPORT AWARD; MONEY AWARD |
| EVAN PAUL BRAUDE, | |
| Respondent. | |

This matter came before the court on the stipulation of the parties for the entry of a stipulated general judgment regarding the division of property and child and spousal support, a Stipulated Limited Judgment for Dissolution of Marriage, Custody and Parenting Time having been previously entered by the Court on October 31, 2006. Petitioner is represented by Christopher A. Bagley of Bryant, Lovlien & Jarvis, P.C.; Respondent is represented by Richard E. Forcum. The court having been presented with this form of stipulated general judgment of dissolution, having reviewed the records and documents on file herein, and being fully advised in the premises, makes the following findings:

1. Petitioner shall hereafter be referred to as Wife. Respondent shall hereafter be referred to as Husband.

2. The court has jurisdiction over Husband and Wife.

3. Husband and Wife were married on October 6, 1990, in Marblehead, Massachusetts.

4. Wife is not now pregnant.

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM



EXHIBIT

A

5. The children born as issue of this marriage are: KYLE JONES BRAUDE, born April 27, 1990, and WHITNEY LORNA BRAUDE, born August 5, 1991.

6. Wife's address is 22188 Neff Road, Bend, Oregon 97701; her birthdate is September 27, 1964; her age is 42; her Social Security number is segregated pursuant to UTCR 2.100.

7. Husband's address is 19800 Village Office Court, Suite 203, Bend, Oregon 97702; his birthdate is August 29, 1955; his age is 51; his Social Security number is segregated pursuant to UTCR 2.100.

8. No domestic relations suits or petitions for support pursuant to ORS 108.110 involving this marriage of Husband and Wife are pending in any other court in the state of Oregon or any other state.

9. The parties have been separated since on or about December 3, 2004.

10. Husband and Wife acknowledge that the disposition of property herein, whether or not equal, is just and proper in all the circumstances. The parties each warrant to the other and to this court that each has signed this judgment on their own volition and that there has been an accurate, complete, and current disclosure of all their income, assets, debts, and liabilities. The terms of this judgment represent a compromise of disputed issues in some instances. In addition, each party acknowledges that there have been no representations or promises of any kind that have been made to him or her as an inducement to enter into the agreement represented by this judgment other than those expressly set forth here.

11. The following factors have been taken into account in setting child support:

11.1.   Husband's gross income is $10,000 per month.

11.2.   Wife's gross income is $1,351 per month.

11.3.   Wife has exercised her option to require that Husband maintain health insurance on the minor children's behalf. The insurance costs Husband $700 per month.

11.4.   There is reason to rebut the presumptively correct level of support. Pursuant

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

1   to OAR 137-050-0330(2)(a)(h), the presumptively correct level of support should be rebutted
2   based on the net income of the parent remaining after payment of financial obligations mutually
3   incurred.

4        11.5.   This judgment requires the payment of child support until a child's 21st
5   birthday because that is what Oregon law now requires. The provisions of this judgment
6   requiring the payment of this obligation shall not be construed as an independent agreement of
7   the parties that can be separately enforced should the age provisions of Oregon's child support
8   statute change at some future date.

9        12.  This court accepts the representation made by both Husband and Wife that each is
10  satisfied that the other has fully complied with the provisions of ORS 107.089, which requires
11  the production of documents.

12       13. An award of spousal maintenance is appropriate as that term is defined in ORS
13  107.105(1)(d)(C) for the following reasons:

14       13.1.   The duration of the marriage;

15       13.2.   The age of the parties; and

16       13.3.   The standard of living established during the marriage.

17       14. Husband and Wife have each completed the Deschutes County Seminar for
18  Divorcing Parents.

19       15. Husband and Wife should be granted the relief hereinafter set forth.

20       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

21  1.  Wife will have judgment against Husband in the sum of $600 per month for the
22  support of the minor children of the parties. The court has not set a per child amount of support.

23       1.1.    Payments will:

24       1.1.1.  Commence on January 1, 2007, payable in two equal payments on the 1st
25  and 15th days of each month and continue on the same days of each month thereafter until the
26  child for whom support is being paid attains the age of 18 years, and thereafter so long as that

Page 3 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE        12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541)382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

1 child qualifies as a "child attending school."

2      1.1.2. Be paid in accordance with a wage withholding order entered as required
3 by ORS Chapter 25. All support will be paid through the Department of Justice, P.O. Box
4 14506, Salem, Oregon 97309. The Department of Justice will provide collection, accounting,
5 distribution, and enforcement services in accordance with the provisions of ORS 25.320.
6 Husband will pay any service charges imposed by the collecting agency.

7      1.1.3. Support payments will be paid or distributed directly to the recipient
8 child rather than to Wife when the child qualifies for support as a "child attending school".
9 When there are multiple children for whom support is ordered, the amount paid directly to the
10 child attending school will be prorated based on the total number of children for whom support
11 is ordered.

12      1.2. A "child attending school" is currently defined in ORS 107.108(8) to mean a
13 child of the parties who is unmarried, is 18 years of age or older and under 21 years of age, and
14 is a student attending an educational facility such as a high school, community college, four-
15 year college or university, or attending a course of professional, vocational or technical
16 training, including Job Corps, designed to fit the child for gainful employment, or attending a
17 high school equivalency course, including but not limited to a General Educational
18 Development (GED) program, an educational program for grade 12 or below and home
19 schooling.

20      1.2.1. A child receiving support as a "child attending school":

21      1.2.1.1. Must maintain satisfactory academic progress as defined by the
22 school that the child attends.

23      1.2.1.2. Maintain a course load that is no less than one-half of the load
24 that is determined by the school to constitute full-time enrollment.

25      1.2.1.3. Provide written notice before the child's 18th birthday to each
26 parent ordered to pay support of the child's intent to attend or continue school, including the

Page 4 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE     12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

Case 11-38234-tmb7   Doc 35   Filed 04/10/17   Exhibit 1 - Page 4 of 19

1   name of the school and expected graduation date.

2           1.2.1.4.    Provide written consent to the child's school giving the school
3   authority to disclose to each parent ordered to pay support the child's enrollment status,
4   academic progress, grades and course list.

5           1.2.2.   Wife shall notify Husband when the minor children receive income from
6   his or her own gainful employment, marries, becomes emancipated, or enters the military
7   service if one of these events occurs during a period in which Husband is required to contribute
8   to the support of a child. ORS 107.415(1).

9           1.2.3.   The requirement that support be paid to a child over 18 years of age is a
10  recognition of the current status of Oregon law rather than a separate, bargained-for agreement
11  of the parties. The law in effect at the time a child turns 18 years of age will apply.

12          1.3.    Each party will notify the Department of Justice, Division of Child Support,
13  P.O. Box 14506, Salem, Oregon 97309, of any change in that party's home or business address
14  set forth below within 10 days after the change pursuant to ORS 25.020.

15          1.4.    The parties previously entered into an agreement that provided that Husband
16  would pay the mortgage, utilities and other costs for the home located at 22188 Neff Road,
17  Bend, Oregon, and pay Wife $2,000 per month.  Husband shall continue to pay said amounts
18  through December, 2006.

19          1.5.    All child and spousal support due from Husband to Wife pursuant to any
20  temporary order entered in this case has been paid in full. The Clerk of the Court is authorized
21  and directed to treat this as a satisfaction of judgment and to record this satisfaction in the
22  judgment records of Deschutes County, Oregon. The Department of Justice, Support
23  Enforcement Division, is directed to update, correct, and bring its records into conformance
24  with this judgment of dissolution.

25      2.  As additional support:

26          2.1.    Husband will maintain medical insurance for the minor children of the

Page 5 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE          12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

1 parties as long as he is required to provide child support as decreed by the court.

2       2.1.1. Husband will provide Wife with the name and address of the insurer, the
3 policy number, and claim forms, and will fully cooperate with Wife in making claims on the
4 policy.

5       2.1.2. All insurance claim forms will be marked to instruct the insurer to pay
6 benefits directly to the care provider rather than to Husband or Wife. Any reimbursement
7 checks issued by the insurance company will be the property of the party who actually paid
8 money out-of-pocket for the charge for which the reimbursement is being paid. The nonpaying
9 party will turn over to the paying party any reimbursement checks which that the party may
10 receive within five days of receipt.

11       2.1.3. The terms of the actual policy of insurance will be controlling on any
12 issues that may arise regarding the eligibility of a child for coverage under the terms of
13 Husband's insurance.

14       2.1.4. The terms of the available health insurance may require that the children
15 see medical care providers other than those they currently see. Each party will use available
16 health insurance to the fullest extent possible. Any expense that could have been covered by
17 available health insurance but was not because a party did not properly use available health
18 insurance will not be considered a reasonable expense that the other parent would need to pay a
19 part of.

20       2.2.   Husband will pay one-half of all reasonably incurred medical, optical,
21 hospital, dental, and orthodontic expenses that are not covered by insurance on behalf of the
22 minor children. Wife will pay the other one-half of those uninsured expenses.

23       2.2.1. It will be Wife's obligation to request payment from Husband of those
24 expenses within 60 days from the date that the insurance company has completed processing of
25 claim. Wife will give Husband notice by providing him a copy of the insurance company's
26 form explaining payments made. Failure to make a timely request relieves Husband of the

Page 6 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE      12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

1 obligation to pay for the incurred expense.

2     2.3.    Husband will pay to the care provider or to Wife (as appropriate) within 30
3 days of receipt of the billing from Wife. Direct payment to the care provider is preferred. For
4 example, Husband would reimburse Wife for one-half of the co-payment that she paid the
5 doctor at the time of the visit but would pay the doctor directly for his portion of the uninsured
6 charges.

7     2.4.    Husband will maintain an insurance policy insuring his life for at least
8 $500,000 naming Wife as the primary beneficiary, with Husband being allowed to reduce the
9 amount of the life insurance policy commensurate with the amount paid to Wife on the spousal
10 support, child support and money judgment each year. Husband agrees to provide Wife with
11 any documentation verifying the insurance policy at her request and/or allow Wife to speak
12 with the insurance agent regarding the insurance policy.

13     2.4.1.    The obligation to maintain this insurance will continue as long as
14 Husband is required to pay child support or spousal support or there remains a balance on the
15 money judgments as adjudged by the court or an arrearage exists for accrued but unpaid
16 support.

17     2.4.2.    The following provisions relate to procedural aspects of the requirement
18 to maintain insurance:

19     2.4.2.1.    During the term of the obligation to maintain insurance, Husband
20 will furnish to Wife on request a copy of the policy or evidence that the proper life insurance is
21 in force with the appropriate beneficiary designation in effect.

22     2.4.2.2.    A constructive trust will be imposed over the proceeds of any
23 insurance owned by Husband at the time of Husband's death if Husband fails to maintain
24 insurance in that amount, or if the insurance is in force but another beneficiary is designated to
25 receive those funds.

26     2.4.2.3.    Husband is prohibited from borrowing any money from or

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way  PO Box 1151  Bend, Oregon 97709-1151  (541) 382-4331  fax (541) 389-3386  WWW.BLJLAWYERS.COM

1 against or in any way reducing the benefits of the policy.

2       2.4.2.4.   Husband will provide a certified copy of this judgment of

3 dissolution to the appropriate life insurance company in accordance with the provisions of ORS

4 107.820(6), notify the company of the terms of the judgment of dissolution regarding life

5 insurance, and instruct it to update its records to guarantee compliance. Husband will require

6 the company to provide Wife 30 days' written notice before canceling the policy or changing

7 the named beneficiary. Husband will provide Wife proof of compliance with this provision

8 within 60 days of the date of this judgment of dissolution.

9     3.   The property of the parties will be divided as follows:

10       3.1.   Wife is hereby awarded and will receive free from any claim of Husband,

11 subject to all encumbrances thereon for which she will assume, pay and hold Husband

12 harmless:

13       3.1.1.  2003 Jeep, VIN 1J4GW48S33C502914.

14       3.1.2.  1995 Ford pickup, VIN 1FTJW35F5SEA59892.

15       3.1.3.  Chevrolet pickup, VIN CCE242Z150754.

16       3.1.4.  Horse trailer, VIN 13SZC142XX1VA6166.

17       3.1.5.  Horses – Bonanza and DesAmie.

18       3.1.6.  Horse round pen when the horse Bonanza is no longer kept at 22188

19 Neff Road or when Husband has sold the Neff Road real property.

20       3.1.7.  Murphy bed when Husband has sold the Neff Road real property.

21       3.1.8.  Washer and dryer from the marital residence.

22       3.1.9.  Refrigerator from the garage.

23       3.1.10. Riding lawnmower from the residence when the Neff Road property has

24 been sold.

25       3.1.11. Francis Peter Paulus painting.

26       3.1.12. Any and all interest in J.Mitch Designs, free from any interest from

Page 8 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE     12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

1  Husband.

2      3.2.    Husband is hereby awarded and will receive free from any claim of Wife,

3  subject to all encumbrances thereon for which he will assume, pay and hold Wife harmless:

4          3.2.1.  1974 Alfa Romeo, VIN AR3046422.

5          3.2.2.  2004 Nissan Armada, VIN 5N1AA08B44N721319.

6          3.2.3.  Piano.

7          3.2.4.  Grandmother's silver.

8          3.2.5.  Grandmother's heirlooms, including Christmas ornaments.

9          3.2.6.  Grandmother's furniture, papers and photos.

10         3.2.7.  Tools, including tool box.

11         3.2.8.  Round dining table.

12         3.2.9.  Any and all interest Husband owns in Braude International, Inc., free

13 from any interest from Wife.

14     3.3.    There is other personal property to be divided between the parties.  In the

15 event the parties cannot divide the balance of the personal property amicably, they agree to

16 arbitrate any disputes regarding personal property with Terry O'Sullivan of Merrill

17 O'Sullivan, LLC, by the submission of affidavits. The exchange of personal property shall take

18 place no later than March 31, 2007.

19     3.4.    There are education funds established for the benefit of the minor children of

20 the parties, KYLE JONES BRAUDE, born April 27, 1990, and WHITNEY LORNA

21 BRAUDE, born August 5, 1991. The parties agree that neither party shall take money from the

22 education funds and accounts established for the children and that the accounts shall remain for

23 the benefit of the children, subject to the determination of the Trustee of the accounts.

24     3.5.    A party's personal papers are specifically awarded to that party. Each party

25 will use their best effort now and in the future to provide the other party with that party's

26 personal papers and records. Those include, but are not limited to, birth certificates, passports,

Page 9 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE          12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

Case 11-38234-tmb7    Doc 35    Filed 04/10/17    Exhibit 1 - Page 9 of 19

baptismal records, wills, military discharge papers, etc. Each party will also cooperate with the other in providing financial documents that may from time to time be necessary. For example, one party may in the future need a copy of a previously filed joint tax return.

     3.6.    All fire and extended coverage, and liability and casualty insurance policies on or relating to any real or personal property herein described or referred to, and now in existence, will be transferred with the property to which the same pertains to the party receiving that property pursuant to this judgment, without charge or credit to either party in respect of the surrender value thereof.

     3.7.    Husband is awarded the real property located at 22188 Neff Road, Bend, Oregon 97701, being more particularly described as:

> A parcel of land situated in the Southeast Quarter of the Southwest Quarter (SE ¼ SW ¼) of Section Thirty (30), Township Seventeen (17) South, Range Thirteen (13), East of the Willamette Meridian, Deschutes County, Oregon, being more particularly described as Parcel 2 of MP-92-20 and filed September 23, 1992, in the office of the County Clerk as Plat Partition 1992-47.

Wife shall sign a Bargain and Sale Deed transferring her interest in the real property to Husband. Husband shall assume and pay the mortgage, home equity line of credit and any other debts on the marital residence, holding Wife harmless therefrom.

     3.8.    Husband agrees to enter into a lease of the real property located at 22188 Neff Road, Bend, Oregon, with Wife from January 1, 2007, through March 31, 2007, for $2,000 per month for rent, plus utilities. Husband will be responsible for property upkeep and payment of the garbage bill. Husband will continue to pay rent on the storage shed through March 31, 2007.

     3.9.    Judgment shall be entered in favor of Wife and against Husband for property division in the amount of $150,000, which is due and payable as follows:

     3.9.1.  The amount of $20,000 to be paid on or before March 31, 2007;

     3.9.2.  The amount of $25,000 payable when the Stephen E. Braude Income

Page 10 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE    12792-001 512.doc

**BRYANT, LOVLIEN & JARVIS, PC**
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way  PO Box 1151  Bend, Oregon 97709-1151  (541) 382-4331  fax (541) 389-3386  WWW.BLJLAWYERS.COM

Trust for the Benefit of Evan Braude is distributed, which according to the terms of the Trust shall occur on or about February 2009.

       3.9.3. The amount of $1,100 per month to commence on January 1, 2007, payable in two equal payments of $550 on the 1st and 15th days of each month and continue on the same days of each month thereafter for a period of eight years.

       Said $150,000 shall not accrue interest; however, if Husband fails to make any two payments within 60 days of the due date of said payments, then the remaining balance of the $150,000 property division will accrue interest at the rate of nine percent (9%) per annum until principal and interest are paid in full.

    4.   The liabilities and debts of the parties will be paid as follows:

       4.1.   Wife will pay, defend, indemnify, and hold Husband harmless from any debt in her name alone not otherwise specifically described herein and:

       4.2.   Husband will pay, defend, indemnify, and hold Wife harmless from any debt in his name alone not otherwise specifically described herein and:

       4.2.1. All marital credit card debt in Wife's name alone believed to be approximately $27,041, which includes the following:

           4.2.1.1.   Bank of America, account ending "6178";

           4.2.1.2.   Chase, account ending "8593";

           4.2.1.3.   Capital One, account ending "8003"; and

           4.2.1.4.   CitiBank, account ending "6535".

       4.3.   The parties have tax debts to the IRS and State of California believed to be approximately $650,000. Husband agrees to assume all tax obligations for the period of time while the parties were married, including all joint tax liabilities with the IRS for 1996, 1997 and 1998 and all individual tax obligations from 1999 through 2003 with the State of California and the IRS, holding Wife harmless therefrom. Husband further agrees to pay the remaining past-due taxes owed for the joint liability to the IRS for 1996 which was originally approximately

Page 11 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE     12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

1 $27,000 and which is currently approximately $9,900, before any closing of any house that
2 Wife may purchase.

    4.4.    Neither Husband nor Wife will charge on the credit of the other without
specific permission to do so. All outstanding joint credit accounts and cards that are in the
names of both parties will be immediately returned to the issuing creditor with instructions to
close the account.

    4.5.    If either party fails to pay any debt or liability as set forth herein, the other
party will have the right, but not the obligation, to make any payment due, provided the
nonpaying party is given 10 days prior notice of the party's plan to make payment. If payment
is made, the party who failed to pay will be responsible for reimbursing the amount paid to the
party who made the payment, together with interest computed at the same rate charged by the
creditor on the obligation to which payment was made. Interest will accrue from the time
payment is made until full reimbursement is made. A party who pays the other party's debt
pursuant to this provision is hereby authorized to deduct the amount of money paid from any
payment then or thereafter due or owing the other party, including from any obligation to pay
support.

    4.6.    The obligation of a party to pay, defend, indemnify, and hold the other party
harmless from the payment of any debt described in this judgment is a support obligation under
11 USC §523(5), which is not dischargeable in bankruptcy as to the other party.

    5.    Judgment will be entered in favor of Wife and against Husband for spousal support.
The amount and duration of the support will be as follows: $3,300 per month, to commence on
January 1, 2007, payable in two equal payments on the 1st and 15th days of each month and
continue on the same days of each month thereafter for a period of eight years, with the last
payment due on December 15, 2014.

    5.1.    Payments will terminate on Husband's death, Wife's death, or when the final
payment has been made in accordance with the above schedule, whichever first occurs.

Page 12 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE    12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way  PO Box 1151  Bend, Oregon 97709-1151  (541) 382-4331  fax (541) 389-3386  WWW.BLJLAWYERS.COM

1        5.2.     Payments will be paid in accordance with a wage withholding order entered

2  as required by ORS Chapter 25. All support shall be paid through the Department of Justice,

3  P.O. Box 14506, Salem, Oregon 97309. The Department of Justice will provide collection,

4  accounting, distribution and enforcement services in accordance with the provisions of ORS

5  25.320. Husband will pay any service charges imposed by the collecting agency.

6        5.3.     Pursuant to Internal Revenue Code §§71 and 215, the support payments will

7  be included as income on Wife's income tax returns and be a deduction on Husband's income

8  tax returns.

9       6.  Wife will have a claim against the estate of Husband for any money due pursuant to

10  this judgment for any arrearage that has accrued as of the time of Husband's death for unpaid

11  support or periodic payments.

12       7.  Each party will pay his or her own attorney fees and court costs incurred in this

13  proceeding.

14       8.  Each party will, within 30 days of the date of this judgment, execute, acknowledge

15  and deliver any and all documents and instruments necessary to complete the transfer of any

16  property as ordered in this judgment of dissolution. This judgment will operate to convey title

17  to the party to whom such property is awarded if the other party fails to comply with this

18  provision.

19       9.  Any order of restraint previously entered in this case is hereby vacated, effective

20  this date.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

Page 13 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE       12792-001 512.doc

**BRYANT, LOVLIEN & JARVIS, PC**
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way    PO Box 1151    Bend, Oregon 97709-1151    (541) 382-4331    fax (541) 389-3386    WWW.BLJLAWYERS.COM

---

## MONEY AWARD

1. **CHILD SUPPORT AWARD**
2. **SPOUSAL SUPPORT AWARD**
3. **MONEY AWARD**

| Party | Wife /Petitioner | Husband /Respondent |
|---|---|---|
| Name | Jennifer Lee Braude | Evan Paul Braude |
| Address | 22188 Neff Road<br>Bend, Oregon 97701 | 19800 Village Office Court,<br>Suite 203<br>Bend, Oregon 97702 |
| Attorney's Name, Telephone Number & Address | Christopher A. Bagley<br>Bryant, Lovlien & Jarvis, PC<br>591 SW Mill View Way<br>PO Box 880<br>Bend, OR 97709-0880<br>Telephone: (541) 382-4331 | Richard E. Forcum<br>141 NW Greenwood Ave.<br>Suite 101<br>Bend, Oregon 97701<br>Telephone: (541) 389-6964 |
| Date of Birth | September 27, 1964 | August 29, 1955 |
| Social Security Number | Segregated pursuant to UTCR 2.100 | Segregated pursuant to UTCR 2.100 |
| Others Entitled to Portions of Judgment | None | |

1. **CHILD SUPPORT AWARD**

| Type of Award | Creditor | Debtor | Amount of Award |
|---|---|---|---|
| **Child Support Award** | Wife /Petitioner | Husband /Respondent | $600 per month commencing on the first day of January, 2007. |
| Prejudgment Interest | | | None |
| Postjudgment Interest | | | Nine percent (9%) per annum simple interest on support arrearages from the date the arrearage accrues until paid |

Page 14 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE          12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

| Periodic Accrual | | | $600 per month commencing on the first day of January, 2007, payable in two equal payments on the 1st and 15th days of each month and continuing on the 1st and 15th days of each month thereafter until the child for whom support is being paid attains the age of 18 years, and thereafter so long as that child qualifies as a "child attending school. |
|---|---|---|---|
| Costs & Expenses | | | None |
| Attorney Fees | | | None |

2.   **SPOUSAL SUPPORT AWARD**

| Type of Award | Creditor | Debtor | Amount of Award |
|---|---|---|---|
| Spousal Support Award | Wife /Petitioner | Husband/Respondent | $3,300 per month commencing January 1, 2007, payable in two equal payments on the 1st and 15th days of each month and continuing on the 1st and 15th days of each month thereafter for a period of eight years, with the last payment due on December 15, 2014. |
| Prejudgment Interest | | | None |
| Postjudgment Interest | | | Nine percent (9%) per annum simple interest on support arrearages from the date the |

Page 15 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE          12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way    PO Box 1151    Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

| | | | |
|---|---|---|---|
| | | | arrearage accrues until paid. |
| Periodic Accrual | | | Support judgment in the amount of $3,300 accrues on the first day of each month commencing January 1, 2007. Payments will terminate on Husband's death, Wife's death, or when the final payment has been made in accordance with the above schedule, whichever first occurs. |
| Costs & Expenses | | | None |
| Attorney Fees | | | None |

3.    **MONEY AWARD**

| Type of Award | Creditor | Debtor | Amount of Award |
|---|---|---|---|
| **Money Award – Property Division** | Wife/Petitioner | Husband/Respondent | $150,000 to be paid as follows: $1,100 per month to commence on January 1, 2007, payable in two equal payments of $550 on the 1st and 15th days of each month and continue on the same days of each month thereafter for a period of eight years with the last payment due on December 15, 2014; $20,000 to be paid on or before March 31, 2007; $25,000 to be paid when the Stephen E. Braude Income Trust for the |

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way    PO Box 1151    Bend, Oregon 97709-1151   (541) 382-4331    fax (541) 389-3386   WWW.BLJLAWYERS.COM

| | | | Benefit of Evan Braude is distributed, which according to the terms of the Trust is believed to be February 2009. |
|---|---|---|---|
| Prejudgment Interest | | | None |
| Postjudgment Interest | | | Said $150,000 shall not accrue interest; however, if Husband fails to make any two payments within 60 days of the due date of said payments, then the remaining balance of the $150,000 property division will accrue interest at the rate of nine percent (9%) per annum until principal and interest are paid in full. |
| Periodic Accrual | | | None |
| Costs & Expenses | | | None |
| Attorney Fees | | | None |

DATED this _16_ day of _Feb_____, 2007.

_____
CIRCUIT COURT JUDGE

**IT IS SO STIPULATED:**

_____
CHRISTOPHER A. BAGLEY, OSB #97473
Of Attorneys for Petitioner

_____
RICHARD E. FORCUM, OSB #64034
Of Attorneys for Respondent

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way   PO Box 1151   Bend, Oregon 97709-1151   (541) 382-4331   fax (541) 389-3386   WWW.BLJLAWYERS.COM

## NOTICE OF INCOME WITHHOLDING

The support order is enforceable by income withholding under ORS 25.311-25.318, 25.351–25.367, and 25.722. Withholding will occur immediately, whenever there are arrearages at least equal to the support payment for one month, whenever the obligated parent requests withholding, or whenever the obligee requests withholding for good cause. The district attorney or, as appropriate, the Support Enforcement Division of the Department of Justice will assist in securing such withholding. Exceptions may apply in some circumstances.

## NOTICE TO MOTHER AND FATHER

Payment of support shall be made as provided in this judgment. The giving of gifts or making purchases of food, clothing, and the like does not fulfill the obligation to pay support.

Payment of support must be made as it become due. Failure to secure visitation or denial of rights of visitation are not excuses for nonpayment. You must seek relief through a proper motion filed with the court if you have a problem with visitation.

The payment of support takes priority over payment of debts and other obligations. A party who remarries after dissolution and accepts additional obligations of support does so with the full knowledge of his or her prior obligations under this proceeding.

Child support is based on annual income. It is the responsibility of a person with seasonal employment to budget income so that payments are made regularly throughout the years as ordered.

## NOTICE PURSUANT TO ORS 107.106

The terms of child support and parenting time (visitation) are designed for the child's benefit and not the parents' benefit. You must pay support even if you are not receiving parenting time. You must comply with parenting time orders even if you are not receiving child support.

Page 18 - STIPULATED GENERAL JUDGMENT OF DISSOLUTION OF MARRIAGE          12792-001 512.doc

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way    PO Box 1151    Bend, Oregon 97709-1151    (541) 382-4331    fax (541) 389-3386    WWW.BLJLAWYERS.COM

Violation of child support orders and visitation orders is punishable by fine, imprisonment, or other penalties. Publicly funded help is available to establish, enforce, and modify child support orders. Paternity establishment services are also available. Contact your local district attorney, domestic relations court clerk, or the Department of Justice at (503) 378-5567 for information.

Publicly funded help may be available to establish, enforce, and modify parenting time orders. Forms are available to enforce parenting time orders. Contact the domestic relations court clerk or civil court clerk for information.

BRYANT, LOVLIEN & JARVIS, PC
ATTORNEYS AT LAW, ESTABLISHED 1915
591 SW Mill View Way    PO Box 1151    Bend, Oregon 97709-1151    (541) 382-4331    fax (541) 389-3386    WWW.BLJLAWYERS.COM